**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ira Lee WATKINS, Larry Watkins, Eugene Jones, Defendants-Appellants.**

**No. 86–3534
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 6, 1987.

---

Herbert R. Kraft, Tallahassee, Fla., for
I.L. Watkins.

John O. Williams, Tallahassee, Fla., for
L. Watkins.

Clifford Davis, Tallahassee, Fla., for
Jones.

Paul Alan Sprowls, Asst. U.S. Atty., Tal-
lahassee, Fla., for U.S.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

The three defendants-appellants in this consolidated appeal were convicted by a jury on various counts of possessing, and conspiring to possess, cocaine.[1] The joint trial of appellants began 17 days after a superseding indictment was entered. Appellants raise three issues in this appeal: whether the trial court abused its discretion by refusing appellants' motions to sever; whether the trial court violated the Speedy Trial Act by allowing appellants' trial to begin only 17 days after the superseding indictment was returned; and whether the trial court correctly determined that a prosecutorial remark did not impermissibly prejudice appellant Larry Watkins' right not to testify. We hereby affirm the district court.

Briefly stated, the government presented evidence that appellants Larry Watkins and Ira Watkins traveled from their home town of Perry, Florida, to Miami on several occasions to purchase cocaine for appellant Eugene Jones; Jones, who paid the Watkins for their trips both in cocaine and in cash, would then sell the drug, generally after converting it into the "rock" or "crack" form of cocaine.

A. SEVERANCE

Defendants charged together in a single conspiracy generally should be tried together; the trial court's decision whether to sever is discretionary. *United States v. Astling*, 733 F.2d 1446, 1454 (11th Cir. 1984). Moreover, a single trial is proper even when an indictment charges several defendants with a conspiracy while only some, but not all, defendants are charged on substantive counts. *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir.), *cert. denied sub nom. Hernandez v. United States,* — U.S. ——, 106 S.Ct. 274, 88 L.Ed.2d 235 (1985). Given these general standards favoring nonseverance, appellants may prevail on their claim that the district court abused its discretion by denying their motions for severance only if they can present compelling evidence that they were prejudiced by a joint trial. *United States v. Varella*, 692 F.2d 1352, 1360 (11th Cir.1982). In determining whether compelling prejudice has occurred, the crucial question is: "can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted." *Tillman v. United States*, 406 F.2d 930, 935–36 (5th Cir.), *vacated in part and remanded in part on other grounds*, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969).

Appellants point to no compelling evidence that demonstrates how they were prejudiced. Furthermore, the district court gave admonitory instructions to the jury regarding proper use of the evidence submitted; such instructions cured any potential prejudice. *United States v. Marolla*, 766 F.2d 457, 460 (11th Cir.1985). Consequently, the court did not abuse its discretion by refusing to sever the trial. *See United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir.1981) (Unit B).[2]

B. SPEEDY TRIAL ACT AND THE SUPERSEDING INDICTMENT

Appellants contend that their Speedy Trial Act rights were violated because they were forced to trial only seventeen days after the superseding indictment was re-

---

1. All three appellants were convicted of conspiring to possess cocaine with intent to distribute. 21 U.S.C.A. secs. 846, 841. Appellants Ira Watkins and Eugene Jones also were convicted of one count of possessing cocaine with intent to distribute. 21 U.S.C.A. sec. 841. Appellant Lar-

ry Watkins was convicted of two counts of possession with intent to distribute. *Id.*

2. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.

turned. *See* 18 U.S.C.A. sec. 3161(c)(2).[3] The United States Supreme Court has determined that section 3161(c)(2) does not create a per se right to an additional thirty days of trial preparation when a superseding indictment is returned. *United States v. Rojas-Contreras,* 474 U.S. 231, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985).

On the other hand, the *Rojas-Contreras* Court also made clear that the trial court nevertheless has broad discretion to grant additional periods for trial preparation when a superseding indictment is returned if such an extension is necessary to meet the "ends of justice"; thus, the test is one of prejudice. *Id.* at 558; *see* 18 U.S.C.A. sec. 3161(h)(8). If a "superseding indictment makes only insubstantial changes in an original indictment, so that a defendant has not been deprived of adequate time to prepare a defense, ..." no prejudice has inhered; and it is not an abuse of discretion to go to trial "without further delay." *United States v. Guzman,* 754 F.2d 482, 486 (2d Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 788, 88 L.Ed.2d 766 (1986).[4] The controlling question therefore would appear to be whether the superseding indictment in this case—which added a conspiracy count to the original indictment, which had only included counts alleging possession—was a sufficiently substantial change in the original indictment to require the trial court to assert its discretion and extend the time for trial preparation.

 We need not decide this question, however, because appellants never notified the trial court that their ability to prepare for trial was impaired by the superseding indictment. According to the record before us, appellants never said they were unready for trial or moved for a continuance, or otherwise objected to going forward with the trial when their case was called. The sole purpose of the thirty-day period provided in section 3161(c)(2)—and any extension thereof that the trial court might allow—is to ensure that the ends of justice are protected by providing defendants adequate trial preparation time. *See Rojas-Contreras,* 106 S.Ct. at 558; 18 U.S.C.A. sec. 3161(c)(2). When a superseding indictment is returned at some time close to trial, it is impossible for the court to know if the defendant's trial preparation is negatively affected unless the court is told of the problem. Therefore, it is incumbent on the *defendant* to bring that prejudice to the attention of the trial court at the outset.

Because the record is devoid of any indication that appellants notified the trial court in any way that their trial preparation had been prejudiced by the return of the superseding indictment, the trial court could assume that the changes were insubstantial and therefore not prejudicial to defendant's trial preparedness.[5] Thus, proceeding to trial without additional preparation time following entry of the superseding indictment in this case was no error.

## C. PROSECUTORIAL COMMENTS

At the end of closing argument for appellant Larry Watkins [hereinafter "Larry"], counsel questioned why the government had not submitted into evidence a tape recording of an alleged "buy" between Larry and an undercover agent of the Drug Enforcement Agency.[6] In response, the pros-

---

3. Section 3161(c)(2) states:

 Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se....

4. We note that *Guzman,* and the other cases relied on by appellants, were decided before *Rojas-Contreras. See United States v. Feldman,* 761 F.2d 380, 388–89 (7th Cir.1985); *United States v. Harris,* 724 F.2d 1452, 1455 (9th Cir. 1984). To the extent those cases imply (or hold)

that section 3161(c)(2) requires a new thirty-day period of trial preparation when a superseding indictment is entered, they have been overruled. To the extent that they imply that a prejudice analysis is correct, however, *see Feldman,* 761 F.2d at 389, these cases are still good law.

5. We note that in all the cases cited by appellant, the defendant objected to proceeding to trial or moved for a continuance.

6. The government did not submit the tape into evidence, it claims, because the tape was inaudible and unnecessary.

ecutor stated in the government's closing argument that "if the tape is played, and it could be heard, why then could not the defendant say, 'well, that's not me on the tape. Your witness is still lying. That's not me on the tape. This is somebody else's voice. It's not me. I wasn't there.'" Larry, who was the only defendant not to take the stand, contends that this reference was an improper comment on his fifth amendment right not to testify and that the district court committed reversible error by not granting his motion for a mistrial based on this ground.

 It is clear to us that the district court correctly concluded that the prosecutor's comments did not impermissibly prejudice Larry because those comments did not reflect on Larry's refusal to testify. In determining whether such a statement is impermissible, we must consider "whether the statement was manifestly intended or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of an accused to testify." *United States v. Dearden*, 546 F.2d 622, 625 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977).[7] Specifically, the court must look to the context in which the comment was made to decide the impact and intention of the statement. *Samuels v. United States*, 398 F.2d 964, 967 (5th Cir.), *cert. denied*, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969). Applying this standard, it is clear that the statement in question was neither intended to reflect on Larry's failure to testify nor of such a character that the jury would necessarily take it to be such a comment. The statements were intended to respond to opposing counsel's implications that the government was hiding something by electing not to introduce the tape into evidence. *See generally United States v. Betancourt*, 734 F.2d 750, 759 (11th Cir.), *cert. denied, sub nom. Gerwitz v. United States*, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 365 (1984), *cert. denied sub nom.*

*Sando v. United States*, 469 U.S. 1076, 105 S.Ct. 574, 83 L.Ed.2d 514 (1984).

## D. CONCLUSION

For the reasons discussed above, the order of the district court is AFFIRMED.

---

**7.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Cir-

cuit Court of Appeals decided prior to October 1, 1981.