**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maria GONZALEZ, Peter Zamora,
Defendants–Appellants.**

No. 86–5627.

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1987.

Steven E.M. Hartz, Miami, Fla., for Gonzalez.

Dave Brannon, Federal Public Defender, Miami, Fla., for Zamora.

Leon B. Kellner, U.S. Atty., Linda C. Hertz, Sonia E. O'Donnell, Asst. U.S. Attys., Miami, Fla., for U.S.

Before FAY and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this criminal case, we review alleged district court errors made in ruling on admission of evidence and on the prosecutor's remarks. We affirm.

Peter Zamora, one of the appellants, worked as a cashier in the major appliance section of a department store. On numer-

ous occasions, Maria Gonzalez, the other appellant, purchased major appliances at the cashier's station Zamora manned. Video tapes and sales records show that Zamora habitually failed to follow the store's credit card verification procedures. Metro–Dade County, Florida, law enforcement officers and United States Secret Service agents began an investigation when the store's management told the law enforcement officers about the fraudulent use of credit cards at the store.

The investigation resulted in the indictment of Gonzalez and Zamora, with thirteen others, in a thirteen-count indictment on charges arising from the use of counterfeit and fraudulent credit cards. In Count I, the grand jury charged Gonzalez and Zamora with conspiracy to violate 15 U.S.C. § 1644(a); the grand jury charged Zamora, in Count III, with the use of counterfeit credit cards to obtain goods, in violation of 15 U.S.C. § 1644(a) and 18 U.S.C. § 2.

Following indictment, Gonzalez presented herself at the office of the Secret Service to surrender, on a Friday afternoon. The agents to whom she surrendered did not know that a warrant had been issued for her arrest. The agents explained the charges and told Gonzalez they had been looking for her. Gonzalez told the agents she had sought legal counsel, but found it too expensive to have counsel to accompany her when she surrendered. After explaining the booking process, the agents gave the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Gonzalez then gave the agents a confession. The agents released Gonzalez, advising her that counsel would be appointed to represent her when she appeared before a United States Magistrate the following Monday.

A jury convicted Gonzalez and Zamora of the charges in the indictment.[1]

The issues on appeal are: (1) whether Gonzalez's confession resulted from denial

---

1. The court sentenced Zamora to thirty months under Count I and placed him on probation for five years on Count III, with full restitution to be made to credit card companies.

The court sentenced Gonzalez to 5 years probation and 300 hours of community service, with full restitution to be made to the credit card companies.

of her request for counsel; (2) whether improper comments prejudiced Gonzalez's trial; (3) whether the prosecutor or the district court judge improperly commented on Gonzalez's failure to testify; (4) whether the district court improperly restricted counsel's closing argument; and (5) whether the district court improperly admitted evidence against Zamora.

## REQUEST FOR COUNSEL

Gonzalez contends that the admission of her confession violated her fifth and sixth amendment rights because she effectively asserted her right to counsel when she informed the Secret Service agents that she had tried to obtain counsel but could not afford the cost.

Where the accused makes an ambiguous request for counsel, that request will generally be given broad effect unless further inquiry by the law enforcement officers reveals the accused is not invoking a right to counsel. *Connecticut v. Barrett*, — U.S. ——, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987); *Oregon v. Bradshaw*, 462 U.S. 1039, 1041–42, 103 S.Ct. 2830, 2832–33, 77 L.Ed.2d 405 (1983); *Edwards v. Arizona*, 451 U.S. 477, 479, 101 S.Ct. 1880, 1882, 68 L.Ed.2d 378 (1981).

An accused may expressly or impliedly waive counsel. This case lies near the boundary between an implied waiver of counsel and an ambiguous request for counsel. Gonzalez's statement that she had tried to obtain counsel but could not do so because of the cost allows the inference that Gonzalez was requesting counsel. The agents, however, subsequently and properly gave *Miranda* warnings apprising her of her right to appointed counsel. Thereafter, Gonzalez made no request for appointed counsel or the presence of counsel and gave her confession. Any ambiguity in Gonzalez's statement about her inability to retain counsel was resolved by her failure to request counsel or the presence of counsel after receiving the *Miranda* warning and proceeding with her confession. Gonzalez impliedly waived her right to counsel, and the district court properly admitted her confession. *North Car-*

*olina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292 (1979).

## IMPROPER STATEMENTS

Gonzalez further contends that the district court abused its discretion in failing to grant a new trial based on the prosecutor's improper statements. In her opening statement, the prosecutor told the jurors they were going to see a video tape showing Gonzalez engaged in a transaction with Zamora inside the store. The prosecutor erroneously suggested that the government had other tapes of Gonzalez. The prosecutor said,

Now, you are only going to see Maria Gonzalez on the screen once in a transaction with Peter Zamora. The government has more on tape other times, but for purposes of this case, we will show you one video clip[.]

Prosecutorial misconduct exists where the remarks are improper and where they prejudicially affect the substantial rights of the defendant. *United States v. Lacayo*, 758 F.2d 1559, 1565 (11th Cir.), *cert. denied*, 474 U.S. 1019, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985). The prosecutor's remark did not prejudice Gonzalez. During closing argument, counsel for Gonzalez told the jury that only one video tape of Gonzalez was made. The evidence at trial also included testimony of a coconspirator as to Gonzalez's participation in the fraudulent credit card scheme. Law enforcement agents who had observed Gonzalez engaging in fraudulent transactions also testified. Moreover, Gonzalez confessed to her involvement. Given the overwhelming evidence against Gonzalez, her substantial rights were not prejudiced by the brief and vague remark of the prosecutor. *United States v. Zielie*, 734 F.2d 1447, 1460 (11th Cir.1984), *cert. denied*, 469 U.S. 1189, 469 U.S. 1216, 105 S.Ct. 957, 105 S.Ct. 1192, 83 L.Ed.2d 964, 84 L.Ed.2d 338 (1985).

## COMMENTS ON FAILURE TO TESTIFY

Gonzalez also contends that the prosecutor and the trial judge commented on her

silence at trial. After Zamora presented his case, the other two defendants, including Gonzalez, rested without presenting evidence. The following exchange took place:

THE COURT: The defense rests. Rebuttal for the Government. Will there be some?

[PROSECUTOR]: *This is the fastest anything has happened, judge.*

[DEFENSE COUNSEL]: Objection, Your Honor.

[MS. STAPLETON]: No rebuttal.

THE COURT: No rebuttal. The objection to the comment is sustained.

(Emphasis added.)

■ A prosecutorial remark is improper if the prosecutor's manifest intent is to comment on the defendant's failure to testify, or if the jury's natural and necessary construction of the comment would be that the defendant has failed to testify. *See United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir.1987); *United States v. Watkins*, 811 F.2d 1408 (11th Cir.1987). In this case, the thrust of the prosecutor's remark was that the rest of the trial had gone slowly and that the end of trial was approaching. Any secondary inference as to the defendant's silence was cured by the judge's cautionary instruction reminding the jury that the defense did not have the burden of proof, and that the jurors were to draw no inference from the fact that some of the defendants did not testify. *United States v. Cole*, 755 F.2d 748, 769 (11th Cir.1985).

Gonzalez also contends that the trial judge erred in commenting on her silence. During closing argument, counsel for Gonzalez argued that mere presence at the scene of a crime is not sufficient to convict for commission of the crime. Counsel sought to draw the inference that Gonzalez was merely present by arguing that law enforcement officers failed to have Gonzalez distinguish her activities from those of codefendant Rodriguez who accompanied Gonzalez during several of the fraudulent purchases. The prosecutor objected to this argument and, within hearing of the jury, the judge asked counsel for Gonzalez

whether he was referring to the trial proceedings or to the investigation.

[PROSECUTOR]: Objection.

[DEFENSE COUNSEL]: Your Honor, I will argue at the side bar.

[PROSECUTOR]: Objection, Your Honor.

THE COURT: *Are you talking about during the trial or at some other point?*

[DEFENSE COUNSEL]: In the course of the statement that they took from her.

THE COURT: Then I'm going to have to sustain the objection because there's been no testimony on the subject nor was any required, for that matter.

(Emphasis added.)

■ The judge then instructed the jury to disregard any inference regarding the failure of Gonzalez to testify. A curative instruction is effective where the improper remarks are not so highly prejudicial that they cannot be cured by an instruction. *United States v. Tenorio–Angel*, 756 F.2d 1505, 1512 (11th Cir.1985). The remarks of both the prosecutor and the judge were so vague as to create no "significant possibility ... that ... the stricken statement had a substantial impact upon the verdict of the jury." *United States v. Slocum*, 708 F.2d 587, 598 (11th Cir.1983) (citations omitted).

## EVIDENCE CHALLENGES

■ Gonzalez also contends that the district court improperly restricted her counsel's closing argument as to the voluntariness of her confession. The district court, however, merely restricted counsel to matters in evidence. That restriction was proper.

■ Zamora raises one issue on appeal. Zamora contends the district court abused its discretion in admitting a business card memorializing a conversation between Zamora and his son. The business card included the handwritten words: "I hate to work; think like a 60 year old man. Look like a young man. Beat the system." Zamora contends the probative value of the card was substantially outweighed by its

risk of unfair prejudice, in violation of Fed. R.Evid. 403. In final and rebuttal arguments, the prosecutor referred to the card several times as evidencing Zamora's desire to avoid work and to beat the system.

Zamora contends the government used the card as inadmissible character evidence to show Zamora was a bad man, even though the card had no probative value with respect to the specific charges against Zamora. The government answers this charge by arguing that the card was relevant to this type case. That is, a conspiracy involving the use of counterfeit credit cards is a case where the perpetrators intend to "beat the system." Consequently, says the government, the card is relevant and admissible because of the nature of the charges in this case. The problem with the government's argument is that if the card is admissible in this case because it is a "beat the system" case, then, the card would be admissible in income tax evasion cases, fraud cases, security cases, and any number of other cases in which intent to defraud is an element. Consequently, the government's argument based on the nature of the specific charges in this case is without merit. The card was not relevant; its only use was for the purpose of painting Zamora as a "bad man." In the usual case, admissibility of the card would result in a new trial. This is not the usual case. In this case, the evidence against Zamora is beyond a reasonable doubt, conclusive, complete, and overwhelming. Admission of the card, on the facts of this case, was harmless error.[2] *United States v. Crescent Amusement Co.*, 323 U.S. 173, 184, 65 S.Ct. 254, 260, 89 L.Ed.2d 160, 169 (1944); *Leach v. Millers Life Insurance Company of Texas*, 400 F.2d 179, 182 (5th Cir.1968).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

2. As always, we are amazed at the zeal with which prosecutors will risk the possibility of reversal in order to engage in "over-kill," after establishing a solid case.