902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard W. MILLER, Defendant-Appellant
 No. 89-6083.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant Richard Miller appeals his criminal conviction for driving under the influence of alcohol while on federal property. Under 18 U.S.C. Sec. 13 (1988), the state law of drunk driving applies, which in this case is Tenn.Code Ann. Sec. 55-10-401 (1989). During closing arguments, the prosecutor made allegedly improper statements to which defendant objected, and the trial court sustained the objection. Defendant never asked for a limiting instruction, moved for mistrial, or asked for any type of other corrective action other than objecting. We affirm.
 
 
 2
 On March 15, 1989, a military police officer stopped defendant in the Tennessee portion of Fort Campbell for a missing headlight. The MP suspected defendant of drunk driving and administered three field tests. Defendant failed all three, and was brought to the station. There, he submitted to a breathalyzer test and registered .10% blood alcohol content, which establishes a presumption of drunk driving under Tennessee law. Tenn.Code Ann. Sec. 55-10-408(b). On this evidence, the jury convicted him. The defendant's behavior did not cause any injury to people or property.
 
 
 3
 In his closing, the prosecuting attorney made the following improper statement:
 
 
 4
 Now, in conclusion, I would like to remind you--if I may borrow a phrase, drunkenness is voluntary madness. This voluntary madness, coupled with the operation of a motor vehicle, has been demonstrated to be a threat to our society. In fact in numerous instances this caused death and mutilation ... to innocent bystanders.
 
 
 5
 J.A. at 25. Counsel for defendant objected, and the District Court sustained the objection. Id. The District Court instructed the jury at the end of trial that "any statements, objections or arguments made by the lawyers are not evidence in the case." J.A. at 26.
 
 
 6
 With his brief, defendant submitted an affidavit saying that the prosecuting attorney had approached him after the trial but before the jury verdict and claimed that his "plan had worked." The prosecutor apparently planned to inflame the jury and secure defendant's conviction through improper tactics. The government never denies that this post-trial colloquy took place.
 
 
 7
 The statements, even if made purposefully and in bad faith, were harmless error. The government had adequate, and apparently uncontested, evidence to support the conviction, including the results of the field tests and the breathalyzer. The case most on-point is United States v. Young, 470 U.S. 1 (1985). In that case, a prosecutor made improper statements in a closing argument to respond to defense counsel's improper statements. The Supreme Court held that all of the statements were improper, but the effect of the prosecutor's impropriety should be taken in context, and that the statements "were not such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." Id. at 16. Even in the worst-case scenario, what we have before us is an errant, over-zealous prosecutor, but not a fundamentally unfair conviction. See also United States v. Walther, 867 F.2d 1334, 1341 (11th Cir.) ("The test for determining the existence of prosecutorial misconduct is whether the remarks were improper and prejudicially affected the substantial rights of the defendants."), cert. denied, 110 S.Ct. 144 (1989); United States v. Gonzalez, 833 F.2d 1464, 1466 (11th Cir.1987) (same).
 
 
 8
 In addition, the defendant could have cured the problem at trial. He objected to the statement at trial. The District Court sustained this objection and instructed the jury at the end not to take the lawyers' arguments as evidence. While this instruction was not specifically directed at the prosecutor' statements, we must assume it cured any prejudicial effect of those statements.
 
 
 9
 Under Fed.R.Crim.P. 52(a), "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." If we disregard these statements because of the curative effect of the judge's instructions, then the trial was error-free. Accordingly, the conviction is AFFIRMED.