**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin LOPEZ–CERVANTES,**
**Defendant–Appellant.**

**No. 89–2100.**

United States Court of Appeals,
Tenth Circuit.

Nov. 1, 1990.

Albert B. Lassen of Lassen and Jaffe, Albuquerque, N.M., for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SETH and LOGAN, Circuit Judges.

SETH, Circuit Judge.

Appellant was charged with illegally transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(B). He entered a conditional

guilty plea and has taken this appeal. Two issues are raised. One is directed to the taking of videotape depositions of material witnesses who were illegal aliens. The second is a *Terry* stop issue with the stop made in Albuquerque, New Mexico by an immigration officer.

## The Depositions

■ The United States and the defendant both assert that the depositions by the transportees, the material witnesses, were taken without any supporting authority in the statutes and contrary to the rules and decisions. Both parties objected to the taking of the depositions at all appropriate times and stages of the proceedings, but no ruling was forthcoming. Neither of the two witnesses, the transportees, made any request that his deposition be taken.

The United States Magistrate initiated the taking of the depositions, herein challenged, with a notice. They were thereafter taken before him in his courtroom where he swore in the witnesses and ruled on all objections made and generally conducted the proceedings. The magistrate ordered release of the witnesses to the Immigration Naturalization Service at the conclusion of the depositions. This was all done pursuant to a standing Administrative Order (No. 88–129) issued by one of the district judges.

The Order relates to criminal cases wherein undocumented aliens are material witnesses, wherein an affidavit has been filed showing reasonable grounds to "detain" the witness, and also wherein consideration be immediately given to release of the witness under 18 U.S.C. § 3142 or to a community release program. The Order consists of five paragraphs.

The Order provides as to depositions, in full, as follows:

"3. The Court or designated Magistrate, pursuant to 18 U.S.C. § 3144 and Rule 15, Federal Rules of Criminal Procedure, may direct that a video tape deposition of the detained witness be taken within a 30–day period of time, unless otherwise ordered by the Court at the request of a party;

"4. The Court or designated Magistrate, following the deposition, shall release the witness from custody absent a showing that further detention is necessary to prevent a failure of justice; and

"5. The released witness shall be remanded to the custody of the Immigration and Naturalization Service."

The only stated authority for the taking of the depositions is included in the portions quoted above in paragraph 3. There is nothing in the Order directed to consideration of factors relating to the particular case or circumstances other than those quoted above. There is nothing relating to efforts which should be made to have the witnesses appear at trial. The procedure is automatic and seems to be constructed on the assumption that the deposed witness is not expected to appear at trial.

## The Sequence of Events

It appears to be necessary to briefly state the time significant events took place since some of the objections hereinafter to be considered are based on time considerations.

The defendant, together with the aliens he was transporting, was arrested on November 28, 1988.

The first date set for depositions by the magistrate was December 14, 1988. This was about ten days before the Grand Jury heard the charges and two days before defendant was indicted. This date was changed to January 4, 1989 because the magistrate became ill.

The indictment is dated December 16, 1988.

The defendant was arraigned on December 22, 1988. This was his "first appearance" under 18 U.S.C. § 3161(c)(2) (*United States v. Watkins*, 811 F.2d 1408 (11th Cir.)). The depositions were taken on January 4, 1989.

Defendant entered a guilty plea on January 30, 1989.

## Basic Contentions of the Parties

The Order in issue refers to Rule 15 of the Federal Rules of Criminal Procedure as

authority for the depositions. Thus the Order states in part (as quoted above):

"The Court or designated Magistrate, pursuant to 18 U.S.C. § 3144 and Rule 15 ..., may direct that a video tape deposition of the detained witness be taken within a 30–day period of time unless otherwise ordered...."

The parties urge that Rule 15 in no way could serve as a basis for the Order because the Rule begins, "Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party...." The Rule further provides that if a witness is detained pursuant to section 3144, the court on written motion of the witness may direct his deposition be taken and the witness released.

It is apparent that Rule 15 depositions require a request by the party who is planning to call the prospective witness or a request of a detained witness. The Government points out that in immigration cases such as this the transportees are necessarily witnesses for the prosecution, and they are necessary to make a case. The Government made no request under Rule 15, nor did the defendant, nor did the witnesses. The parties both objected to the depositions. Furthermore, there were no exceptional circumstances presented—no showing whatever was made.

This was one of many similar cases according to the Government. *See United States v. Rothbart*, 653 F.2d 462 (10th Cir. 1981), wherein we reversed in a case using Rule 15 depositions where no motion was filed. The court here made no initial determination on circumstances and there was no written notice other than the date.

▮ The parties further urge that the reference in the Order to 18 U.S.C. § 3144 also does not serve to support the procedure contemplated and used. Section 3144 reads in part:

"If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become imprac-

ticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of Section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure."

18 U.S.C. § 3144 requires, to commence the procedure, that an affidavit be filed by a party to establish the circumstances contemplated in the section. No such affidavit was filed by the parties or the witnesses. Also, there was no showing that the attendance of the witnesses could not be obtained by subpoena, but instead there was an assumption that this condition pertained to these particular witnesses. It is obvious that such an assumption could be made as a general proposition as to many witnesses in immigration and other proceedings. However, it is necessary, if the statute is to be used in its present form, that *some* showing must appear in the record as to the particular witnesses, and the statute must be followed. No affidavits as required by § 3144 were filed nor any facts developed. The General Order cannot serve to provide the statutory prerequisites for a particular witness. *See* for the court's consideration, and its reversal for its use, of a similar General Order, *United States v. Guadian–Salazar*, 824 F.2d 344 (5th Cir.1987).

The Government, further as to § 3144, states that in any event the witnesses were not "detained" as the word is ordinarily used. The witnesses had been arrested initially but two had been released to Pre-Trial Services Organization and a third released by that organization to a custodian in another state. However, we do not reach this issue. The Government strongly urges that a violation of the Sixth Amend-

ment is demonstrated. However, we do not reach that issue in this opinion.

It appears that the trial of defendant did commence with the taking of the depositions before the magistrate in his courtroom under the Order. The magistrate made all the rulings on objections during the depositions, and no questions were left for the trial judge. The whole procedure assumed the witnesses would not appear at trial. No efforts were made to have the witnesses appear at the trial, and this was combined with the direction that the witnesses be released to the Immigration and Naturalization Service immediately following the depositions. There was however a condition added to this direction. It was "absent a showing that further detention is necessary to prevent a failure of justice...." It is difficult to see how a "showing" could be made to meet such an extreme standard. There was no time. In this case the magistrate *filed* orders releasing the witnesses to the Immigration and Naturalization Service on the same day that their depositions were taken.

In *United States v. Eufracio–Torres,* 890 F.2d 266 (10th Cir.1989), we stated the requirements and procedures as to depositions to be used in cases such as this. These were held necessary to meet the good faith effort standards to be followed under the Sixth Amendment. Rule 804(a) of the Federal Rules of Evidence was also considered.

In *Eufracio–Torres* the witnesses were deposed and the defendant moved to detain the witnesses pending trial. This was denied and the witnesses released to the custody of the Immigration and Naturalization Service under administrative detainers. Before the trial court delivered the witnesses to the Immigration Naturalization Service, they were served with subpoenas to appear for the trial and instructed as to reentry into the United States, as to travel pay and as to appearance fees. Each witness stated that he would return to the United States to testify. The trial date was set. Before trial the Government filed a notice that it intended to use the depositions of the witnesses. This was opposed.

At an evidentiary hearing the court found that the witnesses were unavailable. It also found that the Government "had used reasonable efforts in good faith to obtain" attendance of the witnesses.

Further in *Eufracio–Torres* the court decided that the efforts made to have the witnesses appear met the requirements of the Sixth Amendment, citing *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, (1980), *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), and *Martinez v. Sullivan,* 881 F.2d 921 (10th Cir.1989). The court in *Eufracio–Torres* examined the good faith efforts in relation to the confrontation clause rights and demonstrates the balancing required. We there said:

> "The law permits the use of a deposition if a witness is absent and the government has been unable to procure the witness' attendance by process or other reasonable means. Process was served and this failed to secure attendance. The witnesses were requested to return and instructed how to return and how to obtain the necessary monies to return. They promised to return, but failed to do so. The law does not require the government to utilize an absolute means of attempting to assure the appearance of a witness, only a reasonable means. The facts of this case establish the government utilized reasonable means to assure the attendance of the witnesses. The fact that the means utilized were unsuccessful does not mean that the government's efforts were not made in good faith."

890 F.2d at 270. *See also United States v. Carrigan,* 804 F.2d 599 (10th Cir.1986).

There was nothing in the General Order before us or in the record to show that the requirements of a good faith effort was to be made or was made.

### Terry Stop

We have examined the record on the motion to suppress under the *Terry* objection issue and find no violation of rights in the immigration officer's stop of the car in which the defendant was transporting the

aliens. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), and *United States v. Leyba*, 627 F.2d 1059 (10th Cir.1980).

The case is REVERSED and REMANDED.