**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cesar FUENTES–GALINDO,
Defendant–Appellant.**

No. 89–2231.

United States Court of Appeals,
Tenth Circuit.

April 9, 1991.

**1508**

Ralph C. Binford, Deming, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Stephen R. Kotz, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before ANDERSON, SETH and EBEL, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Cesar Fuentes–Galindo was charged and convicted of four felony counts of illegally transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(B). He contends that three of those counts should be reversed because the trial court erred in admitting depositions into evidence. Both the United States and appellant assert that the requirements of Fed.R.Crim.P. 15(a) were not satisfied; therefore, Counts I, III, and IV of his conviction must be reversed. We agree and reverse his conviction as to the above-referenced counts.

A van heading west on Interstate 10 was pulled over near the United States Border Patrol checkpoint west of Las Cruces, New Mexico. Agents from the checkpoint drove out to investigate the vehicle and found twenty Hispanic individuals in the van. No one was in the driver's seat or front passenger seat. All of the individuals were interviewed. Two men, appellant and Oscar Ortiz–Cruz, were arrested for transporting illegal aliens. Four men, also illegal aliens, were selected to be witnesses. Each man was to testify for one of the counts charged in the four-count indictment. The United States magistrate ordered that the two defendants and the four material witnesses be held without bail. Subsequently, the material witness who was to testify about Count II was released on bail.

Pursuant to Administrative Order No. 88–129 issued by one of the district judges, the magistrate notified the parties that the three remaining witnesses' testimony concerning Counts I, III, and IV would be preserved by videotaped deposition for use at trial. This standing order purports to authorize the taking of videotaped depositions of alien witnesses detained because of their inability to comply with any condition of release. It provides in pertinent part:

"3. The court or designated Magistrate, pursuant to 18 U.S.C. 3144 and Rule 15, Federal Rules of Criminal Procedure, may direct that a video tape dep-

osition of the detained witness be taken within a 10 day period of time, unless otherwise Ordered by the court at the request of a party.

"4. The court or designated Magistrate, following the deposition, shall release the witness from custody absent a showing that further detention is necessary to prevent a failure of justice[.]

"5. The released witness shall be remanded to the custody of the Immigration and Naturalization Service."

Both the government and appellant objected to deposing the material witnesses and filed written motions. The government urged that neither party or the witnesses had moved for the taking of the depositions in accordance with Fed.R. Crim.P. 15; therefore, the magistrate was without authority.

Subsequently, the three material witnesses moved that their depositions be taken. Over the objection of both the United States and appellant, the three videotaped depositions were taken and English translations of the depositions were transcribed. The following day, the magistrate ordered the release of the witnesses to the custody of the Immigration and Naturalization Service. They were returned to Mexico without any requirement or promise that they would return to testify. No attempt was made by the government to secure their presence at the trial.

At trial, the court admitted the depositions over the objection of both parties. The fourth material witness appeared in court and testified as to Count II. Appellant was convicted on all four counts.

Both parties contend that the district court abused its discretion in authorizing the taking of the three witnesses' depositions pursuant to Administrative Order No. 88–129 because the requirements of Fed.R. Crim.P. 15(a) were not satisfied.

Fed.Rule Crim.P. 15(a) provides that: "[w]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to

the parties order that testimony of such witness be taken by deposition.... If a witness is detained pursuant to section 3144 of title 18, United States Code, the court on written motion of the witness and upon notice to the parties may direct that the witness' deposition be taken. After the deposition has been subscribed the court may discharge the witness."

■ We review a trial court's decision authorizing the taking of a deposition under Rule 15(a) for an abuse of discretion. *United States v. Carrigan*, 804 F.2d 599 (10th Cir.); *see* Notes of the Advisory Committee to Rule 15. Prior to the 1975 amendments, a deposition could be taken pursuant to Rule 15(a) under the following circumstances: (1) the witness' testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition was necessary to prevent a failure of justice. *United States v. Whiting*, 308 F.2d 537 (2d Cir.). Under the present rule references to the materiality of the testimony and the unavailability of the witness have been replaced with the phrase, "exceptional circumstances." This change was effectuated to ensure that the trial court exercised its discretion in determining whether a deposition should be taken under the particular circumstances presented. Notes of the Advisory Committee to Rule 15. *See United States v. Terrazas–Montano*, 747 F.2d 467 (8th Cir.) (trial court was within its discretion in authorizing the taking of videotaped depositions because detained witnesses were engaged in a hunger strike). Although these factors are no longer dispositive when reviewing a trial court's decision, some courts still consider them. *See United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir.), and the cases cited therein. Therefore, in determining whether "exceptional circumstances" existed to warrant the taking of the three material witnesses' depositions, we will consider those factors in part.

■ As indicated above, the magistrate initially authorized the taking of the depositions pursuant to the Administrative Order issued by one of the district judges. The

only authority for the standing order is contained in paragraph 3 which refers to Fed.R.Crim.P. 15 and 18 U.S.C. § 3144.

It is clear from our holding in *United States v. Lopez–Cervantes*, 918 F.2d 111 (10th Cir.), that a deposition taken pursuant to Rule 15 requires that either a party or a detained witness move that the depositions be taken. Issues similar to the ones herein considered are also decided by *Lopez–Cervantes*. Rule 15 does not authorize the district court to mandate such an order. Further, Rule 15 motions are to be granted within the discretion of the court. With such a standing order, the magistrate is compelled to follow the procedure without assessing the particular circumstances of the case. There is nothing in the standing order which requires that a determination of "exceptional circumstances" be found or what kind of effort should be made to secure the witness' appearance at trial. The procedure appears to be automatic and structured upon the assumption that the witness will not appear at trial. In fact, the standing order contributes to the unavailability of the witnesses.

We must further conclude that the district court's reliance on 18 U.S.C. § 3144 in support of its standing order is incorrect. Prior to commencing the procedure delineated in § 3144, a party must file an affidavit establishing that the circumstances contemplated in that section are present. Again, the magistrate does not have the authority to implement this procedure absent an affidavit by a party. Therefore, the district court's standing order is without authority.

In this case, no such affidavit was filed by any of the parties or material witnesses; therefore, the magistrate could not have authorized the taking of the depositions in reliance upon this statute.

Although the material witnesses subsequently moved that their depositions be taken pursuant to Rule 15, it is apparent that the magistrate was going to and had to authorize the depositions whether there was a motion or not. The magistrate had already implemented the procedure before the witnesses moved. Upon a review of the record, it is clear that the requirements of Rule 15 were not considered.

There is no indication that the particular circumstances of this case were considered before the authorization for the taking of the depositions. There was no showing of "exceptional circumstances" presented. Although the testimony of the three witnesses was material to the government's case, for without them, appellant could not have been convicted, the government could not establish that the witnesses would not be available to testify. As we indicated in *Lopez–Cervantes*, there must be some showing upon the record that the witness' attendance could not be obtained by subpoena. *Id.* at 113. The government concedes that it was unable to make any showing whatsoever that the witnesses would be unavailable to testify. Rather, the releasing of the witnesses to the INS and their subsequent return to Mexico assured that they would not return.

██ Lastly, we conclude that the depositions were inadmissible pursuant to Fed. R.Crim.P. 15(e) which provides in pertinent part:

> "At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used as substantive evidence if the witness is unavailable, as unavailability is defined in Rule 804(a) of the Federal Rules of Evidence...."

Fed.R.Evid. 804(a)(5) defines a witness as "unavailable" where the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means." In seeking to introduce deposition testimony, the proponent of the testimony bears the burden of demonstrating that the declarant is unavailable. *United States v. Eufracio–Torres*, 890 F.2d 266, 269 (10th Cir.) (citing *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597). This requires that the proponent demonstrate that a good faith effort was made to obtain the declarant's presence at trial using reasonable means. *Eufracio–Torres*, 890 F.2d at 269.

Upon review of the record, we find that the government did not meet its burden. It failed to demonstrate a "good faith" effort or use "reasonable means" in attempting to obtain the three material witnesses' presence at trial. Therefore, the depositions were inadmissible.

For the above stated reasons, we find that the district court erred in admitting the depositions into evidence. Without their admission, appellant would not have been convicted of Counts I, III, and IV; therefore, we REVERSE his conviction as to those counts. The conviction on Count II is AFFIRMED. The case is REMANDED.