**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RUBEN LOUIS RUIZ,

    Defendant - Appellant.

No. 03-2022
(D.C. No. CR 01-1662 BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HOLLOWAY**, and **McCONNELL,** Circuit Judges.

This is an appeal from a criminal conviction for crimes arising from illegal alien smuggling. One of the principal witnesses for the government, Rita Alderete-Gandara ("Alderete"), was a Mexican citizen whom the Defendant was accused of smuggling into the country. The government did not charge this witness with any crime but instead held her as a material witness. This witness moved that her deposition be taken pursuant to Fed. R. Crim. P. 15. This request was granted. Prior to trial, the witness violated the terms of her release and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

returned to Mexico. As a result, the government was unable to secure her presence at the Defendant's trial and instead introduced her deposition pursuant to Fed. R. Evid. 804(a)(5).

On appeal, the Defendant argues this was in error. Specifically, the Defendant says that Alderete's deposition should not have been taken because the requirements of Fed. R. Crim. P. 15 were not met as Alderete was not "detained." The Defendant also argues that it was erroneous for the district court to admit the deposition because the witness was not "unavailable" as required by Fed. R. Evid. 804(a)(5). Because we find that the deposition was properly admitted, we find no error and AFFIRM the Defendant's conviction.

# I

## *Background*

On September 5, 2001, Ruiz was observed by remote cameras picking up two people from a field where illegal immigrants from Mexico often attempt to enter the United States. Ruiz was intercepted and arrested along with his two passengers, Alderete and one Jesus Antonio Gutierrez-Miranda (Gutierrez), who were citizens of Mexico that had entered this country illegally. Ruiz was subsequently indicted on four counts: (1) conspiracy to bring illegal aliens into

the United States; (2 & 3) transporting illegal aliens, and (4) making a false claim of United States citizenship. Alderete and Gutierrez were not charged but instead were held as material witnesses. Alderete and Gutierrez posted bond and were placed on supervised release in the custody of a third person. One condition of their release was that they not leave the District of New Mexico.

On January 26, 2002, Alderete, while on supervised release, petitioned the court to allow her deposition to be taken. Alderete's purported reason for this request was that she wished to return to Mexico because her mother had suffered a heart attack and was ill. On February 7, 2002, a magistrate judge ordered a deposition to be taken. That order was not appealed to the district court. On February 13, 2002, Alderete's deposition was taken.

Alderete's deposition was presided over by the magistrate judge and attended by Alderete, her attorney, government counsel, and Ruiz's attorney–Ruiz having waived his right to be present. Prior to the start of the deposition, Ruiz's attorney objected to the taking of the deposition, arguing that the reason for the deposition had evaporated since Alderete's mother was no longer ill and Alderete had expressed a desire to stay in New Mexico for the trial. Alderete's counsel responded that Alderete's mother may become ill again and, since all parties were present, that taking the deposition at that time would be the most efficient course of action. The magistrate agreed and the deposition was taken.

Sometime prior to trial, Alderete violated the terms of her release and absconded to Mexico. The government nonetheless attempted to secure her presence at Ruiz's trial by issuing a warrant for her arrest and contacting her by phone. Though the government was able to speak with Alderete by telephone, its counsel were unable to persuade her to return to New Mexico.

The day before trial, Ruiz pled guilty to the fourth count of the indictment, making a false claim of United States citizenship. The remaining counts went to trial at which Alderete's deposition was entered into evidence. Ruiz was convicted on all remaining counts.

## II

*Discussion*

### A

*Taking of depositions under Fed. R. Crim. P. 15*

Ordinarily, "[w]e review a trial court's decision authorizing the taking of a deposition under [Fed. R. Crim. P.] 15(a) for an abuse of discretion." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991). In this case, however, the authorization to take the deposition was issued by a magistrate judge and his order was never appealed to the district court. A magistrate judge is granted the authority to authorize the taking of a deposition pursuant to Fed. R.

Crim. P. 15 by 28 U.S.C. § 636(b)(1)(A). Such an order by a magistrate judge, however, is not "a final order directly appealable to the court of appeals." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Accordingly, orders by magistrate judges are reviewed only for plain error unless first appealed to the district court. *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992). The one exception to this rule is where the appeal challenges the magistrate judge's subject matter jurisdiction. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

In this case, Ruiz never appealed the order of the magistrate judge that authorized the deposition of Alderete. And, since Ruiz does not argue this order was outside the subject matter jurisdiction of the magistrate judge, we review this order for only plain error.

In criminal cases, to reverse a conviction for plain error, "the error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome . . . ." *United States v. Haney*, 318 F.3d 1161, 1166 (10th Cir. 2003); Fed. R. Crim. P. 52(b). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003)

(quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Here, the magistrate judge's order to depose Alderete was not plain error because, even if assumed to be both actual error and obvious error, the order did not affect Ruiz's substantial rights. "An error affects substantial rights where the error was prejudicial, that is, if it affected the outcome of the district court proceedings." *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (internal quotation marks omitted). Moreover, "[i]t is the defendant, rather than the Government who bears the burden of persuasion with respect to prejudice." *United States v. Olano*, 507 U.S. 725, 734 (1997).

Ruiz's claim of error in this case is that the government violated Fed. R. Crim. P. 15. A violation of Fed. R. Crim. P. 15 potentially affects the outcome of district court proceedings in two ways: allowing depositions to be misused as "a discovery device in criminal cases," or allowing depositions to be used as a substitute for "live testimony at trial in contravention of the spirit of the Sixth Amendment." *United States v. Mann*, 590 F.2d 361, 365 (1st Cir. 1978). Here, it is uncontested that the government did not use the deposition of Alderete as a discovery device.

Therefore, the only way Ruiz can demonstrate his substantive rights were violated by this order is to show the government tried to use Alderete's deposition in lieu of her live testimony in contravention of the Sixth Amendment. A

criminal defendant's Sixth Amendment rights are protected by Fed. R. Crim. P. 15 through Fed. R. Evid. 804. Specifically, Fed. R. Crim. P. 15(e) provides that the admissibility of depositions taken pursuant to Fed. R. Crim. P. 15(a) is governed by the Federal Rules of Evidence. In turn, Fed. R. Evid. 804 permits the entry into evidence of a deposition only where the declarant is "unavailable." Where the government seeks to introduce the deposition, a witness is "unavailable" only if the government can show it made a "good faith" effort to secure the declarant's presence at trial. *Barber v. Page*, 390 U.S. 719, 723-25 (1968). This requirement of good faith ensures that the substantive rights granted under the Confrontation Clause of the Sixth Amendment are not violated. *Id.* at 721-22.

Ordinarily, the burden is on the proponent of the testimony to show good faith. *United States v. Eufracio-Torres*, 890 F.2d 266, 269 (10th Cir. 1989). In this case, however, we apply plain error analysis and, therefore, the burden is on Ruiz to show prejudice. *Olano*, 507 U.S. at 734. Therefore, in order to establish that a deposition taken in contravention of Fed. R. Crim. P. 15 violates substantial rights, the deposition must first be entered into evidence in lieu of live testimony. In addition, the defendant must show that the government failed to "demonstrate that a good faith effort was made to obtain the declarant's presence at trial using reasonable means." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1511 (10th Cir. 1991) (reversing a conviction where depositions were taken in violation of

Fed. R. Crim. P. 15 on the ground that the depositions were inadmissible because the government failed to demonstrate it made a good faith effort to secure the presence of the witness rather than on the ground that the depositions were taken in violation of Fed. R. Crim. P. 15).

In this case, Ruiz fails to show that the government failed to made a good faith effort to secure the presence of Alderete at Ruiz's trial. First, after arresting Alderete, the government did not release her straight into the custody of the INS for deportation, as was the case in *Fuentes-Galindo*, 929 F.2d at 1510. Instead, the government released Alderete on bond, into the custody of a third-party and with the condition that she remain within the state until trial. Appellee's Answer Brief at 32 (Alderete's conditions of pretrial release). After it was discovered that Alderete had absconded back to Mexico, a warrant for her arrest was issued. Record on App. Volume I (pleadings), Document 75 at 2. Moreover, the government made several attempts to contact Alderete by phone in Mexico to try to convince her to return for trial. *Id.* The government managed to persuade Alderete to agree to meet a government agent at the border, but she never showed up. *Id.* These efforts satisfied the government's burden of showing a good faith effort to obtain Alderete's presence at trial.

We reached this conclusion on a virtually identical set of facts in *United States v. Eufracio-Torres*, 890 F.2d 266 (10th Cir. 1989). There, the government

attempted to secure the presence of a witness by serving process and speaking with the witness and instructing him to return for trial. *Id.* at 269. Though the witness never returned, we concluded:

> The law does not require the government to utilize an absolute means of attempting to assure the appearance of a witness, only a reasonable means. The facts of this case establish the government utilized reasonable means to assure the attendance of the witnesses. The fact that the means utilized were unsuccessful does not mean that the government's efforts were not made in good faith.

*Id.*

Therefore, the government in this case did satisfy its burden of showing good faith and Ruiz's substantial rights under the Confrontation Clause of the Sixth Amendment were not violated by the introduction into evidence of Alderete's deposition. Accordingly, whatever error the magistrate judge may have made in allowing Alderete to be deposed, such error was not plain and does not support reversal of Ruiz's conviction.

**B**

*Entering Alderete's deposition into evidence*

Ruiz also argues that the district court erred in admitting Alderete's deposition into evidence under Fed. R. Evid. 804(a) because Alderete was not "unavailable." Specifically, Ruiz argues the government failed to demonstrate a good faith effort to obtain Alderete's presence at trial.

"We review the trial court's admission or exclusion of evidence under the abuse of discretion standard of review . . . ." *Eufracio-Torres*, 890 F.2d at 272. "[T]he Confrontation Clause of the Sixth Amendment . . . require[s] . . . [that] before using deposition testimony in a criminal case, the government must demonstrate [] it made a good faith effort using reasonable means to obtain the declarant's presence at trial." *Id.* at 269. In this case, as noted above, the government did demonstrate a good faith effort to obtain Alderete's presence at trial. Therefore, the district court did not abuse its discretion in admitting Alderete's deposition.

**III**

*Conclusion*

For the reasons detailed above, we hold that the magistrate judge's order to depose Alderete pursuant to Fed. R. Crim. P. 15 was not plain error. We also hold that the district court did not abuse its discretion in admitting Alderete's deposition into evidence. Accordingly, Ruiz's conviction is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

-10-